```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FRANK A. DeMEO,                    :

                 Plaintiff,        :    11 Civ. 7099 (HBP)

    -against-                      :    OPINION
                                        AND ORDER
CARL J. KOENIGSMANN, M.D.,         :
et al.,
                                   :
                 Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This is a pro se civil rights action brought by an inmate in the custody of the New York State Department of Corrections and Community Supervision. In substance and among other things, plaintiff alleges that he suffered a shoulder injury that could only be effectively remedied if he was afforded prompt surgical intervention. Plaintiff further alleges that he was denied prompt surgical treatment and, as a result, has suffered a serious and permanent loss of strength in his arm. The parties have consented to my exercising jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c).

By notice of motion dated February 15, 2012 (Docket Item 15), defendants moved to dismiss the complaint. While the dismissal motion was pending, on or about May 30, 2012, plaintiff

filed a document entitled "Supplemental Affidavit for Motion for Amended Complaint" (Docket Item 39), annexed to which was a "Notice of Motion for an Extension of Time to File an Amended Complaint in response to Motion to Dismiss" and a proposed First Amended Complaint.  In reliance on a now superseded version of Fed.R.Civ.P. 15, plaintiff apparently believed he had a right to file an amended complaint at any time after the filing defendants' motion to dismiss.[1]

       Although plaintiff no longer has an unqualified right to amend the complaint, the action is in its early stages, plaintiff is proceeding pro se and it does not appear that defendants will be prejudiced by permitting the amendment.  Given these facts and Rule 15(a)(2)'s command that "[t]he court should freely give leave [to amend] when justice so requires," it is hereby ORDERED that:

>    1.  Plaintiff's First Amended Complaint is accepted as the operative pleading in this case.  This ruling does not constitute an adjudication concerning the merits of the First Amended Complaint nor is it a

---

[1] Rule 15 was amended in 2009 and now provides that a plaintiff may amend his complaint as a matter of right in response to a pre-answer motion to dismiss only within 21 days of the service of the motion.

2

determination that the First Amended Complaint states a claim; I express no opinion on these matters.

2.   The Pro Se Office is directed to provide plaintiff with the papers necessary to effect service on the two newly added defendants, Frank Lancellotti, M.D. and Jonathan Holder, M.D.

3.   Counsel for the defendants currently in the case is to advise plaintiff within thirty (30) days of the date of this Order whether he will accept service on behalf of Drs. Lancellotti and Holder.  If counsel for the existing defendants does not agree to accept service on behalf of Drs. Lancellotti and Holder, plaintiff is to return the completed service package to the Pro Se Office within forty-five (45) days of the date of this Order.

4.   The time for all defendants to answer or move with respect to the First Amended Complaint is extended to sixty (60) days after service on Drs. Lancellotti and Holder is completed or counsel for the existing defendants advised that he will accept service.

        5.  Defendants' motion to dismiss the complaint is denied as moot.  The Clerk of the Court is directed to mark Docket Item 15 as closed.

Dated:  New York, New York  
        September 26, 2012

                SO ORDERED

                _____  
                HENRY PITMAN  
                United States Magistrate Judge

Copies mailed to:

Mr. Frank DeMeo  
DIN 84-A-2139  
Clinton Correctional Facility  
1156 Rt. 374  
P.O. Box 2001  
Dannemora, New York 12929

Jason M. Clark, Esq.  
Assistant Attorney General  
State of New York  
120 Broadway  
New York, New York  10271